**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MD AUTO GROUP, d/b/a/ I-90 NISSAN, | ) | CASE NO. 1:21-cv-1584 |
| | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| Plaintiff, | ) | |
| | ) | **ORDER RE: PLAINTIFF'S** |
| v. | ) | **MOTION TO COMPEL** |
| | ) | **DISCOVERY AND** |
| NISSAN NORTH AMERICA, INC., | ) | **DEFENDANT'S CROSS** |
| | ) | **MOTION FOR A PROTECTIVE** |
| Defendant. | ) | **ORDER** |

**I.  Procedural History**

On July 7, 2022, Plaintiff moved to compel discovery. (ECF No. 24). The parties met and conferred on April 18, 2022, in an effort to resolve the discovery dispute. *Id*. Defendant then provided supplemental answers to some of the interrogatories and requests for documents on May 13, 2022. *Id*. However, Plaintiff still finds the discovery deficient and requests that the Court require Defendant to provide complete, substantive narrative answers to Interrogatory Requests 4, 7, 8, 9, 10, and 11 and produce all responsive documents for Document Requests 9, 14, 15, 17, and 24 within five days of this order. *Id*.

On July 21, 2022, Defendant opposed the motion to compel (ECF No. 25) and filed a cross-motion for a protective order. (ECF No. 26). Defendant argued that the evidence that Plaintiff sought to compel merely seeks to establish Defendant's intent in discontinuing certain models of Nissan vehicles in 2021 and is irrelevant to whether Defendant violated O.R.C. § 4517.541. (ECF No. 25). Defendant also requested that the Court enter a protective order stating that Defendant does not need to designate or prepare a Fed. R. Civ. P. 30(b)(6) witness concerning deposition topics 2, 3, and 12 because the topics are irrelevant to the claims and defenses in this matter. (ECF

No. 26).

On August 5, 2022, Plaintiff replied in support of its motion to compel arguing that the discovery requested is relevant to claims asserted and to affirmative defenses raised by Defendant. (ECF No. 28). Plaintiff also opposed Defendant's motion for protective order because the deposition topics requested are relevant to their claims and Defendant's affirmative defenses and producing a witness will not cause undue burden. (ECF No. 29).

On August 8, 2022, Defendant replied in support of its request for a protective order. (ECF No. 30). Defendant stated that a determination of whether it violated O.R.C. § 4517.541 does not require an examination of intent or knowledge, but instead focuses on the characteristics of the vehicles that were discontinued. *Id*.

## II. Legal Standard

A party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party fails to answer an interrogatory under Rule 33 or fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). The moving party must demonstrate the relevance of the compelled discovery. *White v. City of Cleveland*, 417 F. Supp. 3d. 896, 902 (N.D. Ohio 2019) (citing *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-cv-557, 2019 WL 1760069, at *4 (S.D. Ohio Apr. 22, 2019)). Once the moving party establishes relevance, the burden shifts to the non-movant to show that producing the information would be unduly burdensome. *Id*.

A party may move for a protective order on matters relating to a deposition in the court for the district where the deposition will be taken. Fed. R. Civ. P. 26(c)(1). If there is good cause, the

court may issue an order forbidding inquiry into certain matters to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1)(D).

### III.  Analysis

  a. **Interrogatory Request 4**

Interrogatory four states, "[d]escribe the business reasons NNA decided to discontinue the NV commercial vehicle products to only select Nissan dealers through a supplemental product addendum and allow all Nissan dealers to sell Nissan retail vehicles as commercial vehicles to the public." (ECF No. 24). Defendant responded, "NNA objects to this Interrogatory as overbroad, unduly burdensome, not requesting information relevant to any claim or defense, and not proportional to the needs of the case." *Id*. The Court views that response as a failure to answer because it is incomplete and merely objects to the interrogatory.

Plaintiff argued that this interrogatory is relevant because it relates to and seeks information regarding Defendant's decision to discontinue the NV line-make or class of vehicles. *Id*. Defendant argued that the intent or rationale for the discontinuation of certain Nissan models is irrelevant and has no bearing on whether I-90's franchise was terminated by the discontinuation of these vehicles. (ECF No. 25, PageID 188). Plaintiff responded that discovery concerning the "business reasons" is necessary to establish that Defendant knew its decision would result in the discontinuance of a line-make, series, brand, and/or class of motor vehicle. (ECF No. 28, PageID 271). Plaintiff also noted that discovery related to the business reasons is relevant because Defendant has asserted one affirmative defense that they acted in good faith and with good cause and another affirmative defense that the challenged conduct was "procompetitive or otherwise justified by legitimate business reasons." *Id*. The Court finds that the compelled discovery is relevant to the Plaintiff's claim and Defendant's asserted defenses.

Defendant asserted that if the Court compels this discovery, it will require sixty days to complete a search for and produce responsive discovery. (ECF No. 25, PageID 189). The Court already extended the discovery deadline until September 30, 2022. Defendant was first served with the above interrogatory on March 8, 2022, and has been aware Plaintiff did not find the response to be adequate since at least May 13, 2022 when Defendant provided supplemental responses to Plaintiff's discovery requests. (ECF No. 25, PageID 185). The Court finds that Defendant failed to establish that answering this interrogatory would be unduly burdensome. Consequently, the Court **GRANTS** Plaintiff's motion to compel with respect to interrogatory four.

    **b. Interrogatory Request 7**

Interrogatory seven states, "[i]dentify all NV commercial vehicle parts and accessories that I-90 purchased from NNA from 2014 to the present by each calendar year. Please include the dollar value for each such part and accessory identified." (ECF No. 24). Defendant responded, "NNA objects to this Interrogatory because it seeks information within the possession, custody, or control of I-90. NNA further objects to this Interrogatory as overbroad, unduly burdensome, not requesting information relevant to any claim or defense, and not proportional to the needs of the case." *Id*. Defendant supplemented that response by adding, "[s]ubject to and without waiving the foregoing objections, NNA states that it did not sell parts and accessories specific to NV commercial vehicles. In further response, NNA, pursuant to Fed. R. Civ. P. 33(d), has produced documents sufficient to show the parts purchased by I-90 from NNA during the time period January 2016 to the present." *Id*.

Defendant argued that it has already provided Plaintiff the information and documents sought. (ECF No. 25, PageID 190). Plaintiff replied that the Excel spreadsheet of parts purchased from Defendant does not include information concerning what vehicle model or year the part was

intended for, which subsequently affected their ability to contest Defendant's response that it does not sell parts or accessories specific to NV commercial vehicles. (ECF No. 28, PageID 274–75).

The Court finds Plaintiff's request for additional discovery in relation to this interrogatory unduly burdensome. Plaintiff should have its own records of any purchases it has made from Defendant, so it should be able to readily identify what part was purchased for what vehicle. Defendant complied with Plaintiff's request by providing a spreadsheet of all parts purchased by Plaintiff from Defendant which included relevant information such as date, part number, part description, net cost to the dealer, code to which the part was billed, quantity of the part, and total cost. Plaintiff requested the dollar value for the parts purchased and the Defendant provided that.

The Court **DENIES** Plaintiff's motion to compel discovery with respect to interrogatory seven.

c. **Interrogatory Request 8**

Interrogatory eight states, "[i]dentify all equipment, special tools, automotive service equipment, and other items bearing Nissan's trademark that I-90 purchased from NNA in connection with I-90's sales and service of NV commercial vehicles for each calendar year 2014 to present. Please include the dollar value for each such part and accessory identified and the date of the purchase." (ECF No. 24). Defendant responded, "NNA objects to this Interrogatory because it seeks information within the possession, custody, or control of I-90. NNA further objects to this Interrogatory as overbroad, unduly burdensome, not requesting information relevant to any claim or defense, and not proportional to the needs of the case." *Id*. Defendant supplemented that response by adding, "[s]ubject to and without waiving the foregoing objections, NNA states that dealers were not required to purchase any equipment, and other items bearing Nissan's trademark in connection with the sale of commercial vehicles. NNA therefore is not aware of any equipment,

special tools or automotive service equipment bearing Nissan's trademark that I-90 purchased from NNA in connection with I-90's sales and service of commercial vehicles." *Id*.

For the reasons noted in response to interrogatory seven, the Court finds that Defendant's supplemental response to interrogatory eight is sufficient and any further compelled discovery on this topic would be unduly burdensome. The Court **DENIES** Plaintiff's motion to compel discovery with respect to interrogatory eight.

### d. Interrogatory Request 9

Interrogatory nine states, "[i]dentify all individual(s) at NNA who were the final decision makers with authority and then made the business decision to discontinue the NV commercial vehicle products to be distributed for sale and service to only select Nissan dealerships who were approved through a supplemental addendum." (ECF No. 24). Defendant responded, "NNA objects to this Interrogatory as overbroad, unduly burdensome, not requesting information relevant to any claim or defense, and not proportional to the needs of the case. NNA further objects to this Interrogatory to the extent it characterizes the issuance of a product addendum as the method by which NNA authorizes dealers to sell and service NV vehicles." *Id*.

For the reasons noted in the analysis of interrogatory four, the Court finds that the requested discovery is relevant to the Plaintiff's claim and two of Defendant's asserted defenses. This interrogatory could assist Plaintiff in identifying individuals to depose to gather information to establish that Nissan intended to discontinue a line-make, series, brand or class of new vehicle when discontinuing certain NV models, as would be required for count one of Plaintiff's complaint. (ECF No. 1, PageID 14). The Court finds that identifying the individuals who were the final decision makers in discontinuing NV vehicle models does not impose an undue burden on Defendant. Accordingly, the Court **GRANTS** Plaintiff's motion to compel discovery with

6

respect to interrogatory nine.

### e. Interrogatory Request 10

Interrogatory ten states, "[i]dentify all individual(s) at NNA who gave a recommendation to the final decision makers to discontinue the NV commercial vehicles products to be distributed for sale and service to only select Nissan dealerships who were approved through a supplemental addendum." (ECF No. 24). Defendant responded, "NNA objects to this Interrogatory as overbroad, unduly burdensome, not requesting information relevant to any claim or defense, and not proportional to the needs of the case. NNA further objects to this Interrogatory to the extent it characterizes the issuance of a product addendum as the method by which NNA authorizes dealers to sell and service NV vehicles." *Id*.

For the reasons stated in support of interrogatory nine, the Court **GRANTS** Plaintiff's motion to compel discovery with respect to interrogatory ten.

### f. Interrogatory Request 11

Interrogatory eleven states, "[i]dentify and describe all business plans or market studies that support NNA's business decision to discontinue the NV commercial vehicle products to be distributed for sale and service to only select Nissan dealerships who were approved through a supplemental addendum." (ECF No. 24). Defendant responded, "NNA objects to this Interrogatory as overbroad, unduly burdensome, not requesting information relevant to any claim or defense, and not proportional to the needs of the case. NNA further objects to this Interrogatory to the extent it characterizes the issuance of a product addendum as the method by which NNA authorizes dealers to sell and service NV vehicles." *Id*.

Similar to interrogatories four, nine, and ten, this interrogatory is relevant to Plaintiff's claim and Defendant's affirmative defenses because it sheds light on whether the discontinuation

of certain NV vehicles effectively discontinued a line-make, series, brand or class of vehicle. The Court also finds that Defendant did not establish that answering this interrogatory would be unduly burdensome. Thus, the Court **GRANTS** Plaintiff's motion to compel discovery with respect to interrogatory eleven.

### g. Document Request 9

Plaintiff's document request number nine states, "[f]or each calendar year 2014 through the present, produce all sales incentives and/or upfitting incentives that were available and provided only to authorized Nissan NV commercial vehicle dealers (i.e. they were not available or provided to Nissan retail dealers that did not have NNA's authorized supplemental product addendum to sell NV commercial vehicle)." (ECF No. 24). Defendant responded, "NNA objects to this Request as overbroad, unduly burdensome, not requesting information relevant to any claim or defense, and not proportional to the needs of the case." *Id*.

Plaintiff argued that these documents are relevant to the calculation of damages. (ECF No. 24). Defendant argued that Plaintiff failed to show that sales incentives made available to dealers are in any way relevant to the computation of damages. (ECF No. 25, PageID 190). Plaintiff replied that "incentive payments demonstrate the past financial revenue streams for I-90 that have now been eliminated by NNA's decision to discontinue the manufacturing, distribution, and sales of all Nissan's light commercial vehicles." (ECF No. 28, PageID 276). However, Plaintiff fails to explain why it would not have access to that information already, as it alleges it benefitted from past incentives. Consequently, it would be an undue burden for Defendant to produce the documents requested. Thus, the Court **DENIES** the Plaintiff's motion to compel with respect to document request nine.

h.  Document Request 14

Plaintiff's document request number fourteen states, "[f]or each calendar year 2014 to the present, produce documents sufficient to identify I-90's warranty service and parts performed on NV commercial vehicles, which should include the dollar amount that it was paid by NNA for each warranty service and parts performed." (ECF No. 24). Defendant responded, "NNA objects to this Request because it seeks documents in the possession, custody, or control of I-90. NNA further objects to this Request as overbroad, unduly burdensome, not requesting information relevant to any claim or defense, and not proportional to the needs of the case." *Id*.

For the reasons cited in response to document request nine, the Court **DENIES** the Plaintiff's motion to compel with respect to document request fourteen.

i.  Document Request 15

Plaintiff's document request number fifteen states, "[f]or each calendar year 2014 to the present, produce documents sufficient to identify all of the parts that were ordered by I-90 for NV commercial vehicles, which should include the dollar amount that it was paid by NNA for each part purchased." (ECF No. 24). Defendant responded, "NNA objects to this Request because it seeks documents in the possession, custody, or control of I-90. NNA further objects to this Request as overbroad, unduly burdensome, not requesting information relevant to any claim or defense, and not proportional to the needs of the case." *Id*. Defendant supplemented its response by adding, "NNA objects to this Request to the extent it presumes that I-90 ordered any particular part for NV commercial vehicles. NNA is not withholding any documents on the basis of these objections, and subject to these objections, NNA has produced non-privileged documents responsive to this Request." *Id*

Plaintiff admitted that Defendant produced an Excel spreadsheet containing date of

purchase, part number, part description, net cost to the dealer, code of the dealership billed, quantity of the part, and total cost. *Id*. Plaintiff argues that further information related to what specific vehicle model, year, and make each part corresponds with is necessary for Defendant's response to not be non-responsive and incomplete. *Id*. The Court disagrees. The Plaintiff was the purchaser in these transactions and should have records pertaining to what they purchased. Defendant denies that Plaintiff purchased parts specifically for the NV commercial vehicles, so they provided Plaintiff with a detailed overview of all parts purchased from Defendant by Plaintiff. Plaintiff may now use that information in conjunction with their records to identify what parts, if any, they purchased specifically for the NV vehicles. Consequently, the Court does not find that Defendant's response is non-responsive, evasive, or incomplete. The Court **DENIES** the Plaintiff's motion to compel with respect to document request fifteen.

### j. Document Request 17

Plaintiff's document request number seventeen asked Defendant to "[p]roduce all internal review, reports, market studies, and communications regarding NNA's decision to discontinue NV commercial vehicle product line and the NV supplemental product addendum requirements that was in place from 2014 through 2021." (ECF No. 24). Defendant responded, "NNA objects to this Request because it seeks documents in the possession, custody, or control of I-90. NNA further objects to this Request as overbroad, unduly burdensome, not requesting information relevant to any claim or defense, and not proportional to the needs of the case. NNA also objects to this Request to the extent it characterizes the issuance of a product addendum as the method by which NNA authorizes dealers to sell and service NV vehicles." *Id*.

Similar to interrogatories four, nine, ten, and eleven, this request is relevant to Plaintiff's claims and Defendant's affirmative defenses because it sheds light on whether the discontinuation

10

of certain NV vehicles effectively discontinued a line-make, series, brand, or class of vehicle. The Court also finds that Defendant did not establish that answering this request would be unduly burdensome. Thus, the Court **GRANTS** Plaintiff's motion to compel discovery with respect to document request seventeen.

### k. Document Request 24

Plaintiff's document request number twenty-four asked Defendant to "[p]roduce all documents, including internal or external communications, concerning NNA's decision to discontinue the NV commercial vehicles, including, without limitation, market studies, business plans, written correspondence, emails, recordings, transcripts, or notes." (ECF No. 24). Defendant responded, "NNA objects to this Request because it seeks documents in the possession, custody, or control of I-90. NNA further objects to this Request as overbroad, unduly burdensome, not requesting information relevant to any claim or defense, and not proportional to the needs of the case." *Id*.

As noted above, this request is relevant to Plaintiff's claims and Defendant's affirmative defenses because it sheds light on whether the discontinuation of certain NV vehicles effectively discontinued a line-make, series, brand, or class of vehicle. The Court also finds that Defendant did not establish that answering this request would be unduly burdensome. Thus, the Court **GRANTS** Plaintiff's motion to compel discovery with respect to document request twenty-four.

### l. Deposition Topics 2 and 3

Plaintiff requested that Defendant provide witnesses pursuant to Rule 30(b)(6) to testify concerning eighteen different topics. Topic two states, "[b]usiness plans, marketing plans, and/or advertising plans prepared by or for NNA concerning NV Commercial Vehicle sales and service in North America, and if plans are different for smaller geographical areas, then also for the United

States and the State of Ohio." (ECF No. 25, PageID 192).

The third topic that Plaintiff requested a deposition witness for states, "[m]anufacturing plans, distribution plans, and/or sales plans prepared by or for NNA concerning NV Commercial Vehicle sales and service in North America, and if plans are different for smaller geographical areas, then also for the United States and the State of Ohio." (ECF No. 25, PageID 192).

Defendant argued that the discontinuation of a handful of models is irrelevant to the question of whether Plaintiff's franchise has been terminated. (ECF No. 25, PageID 193). However, Plaintiff explained that evidence concerning Defendant's business decision is relevant to whether Defendant had actual knowledge that its discontinuation of certain vehicle models would result in the "discontinuance of a line-make, series, brand, or class of new vehicle" under O.R.C. § 4517.541(A)(3). (ECF No. 29). Defendant then cited to the definition of line-make as evidence that their intent is irrelevant and that only the brand name or mark under which the vehicles are sold is relevant. (ECF No. 30). However, Defendant fails to explain how Plaintiff can prove that the line-make is actually discontinued without analyzing intent. Consequently, the Court finds that deposition topics two and three are relevant and **DENIES** Defendant's motion for a protective order with respect to topics two and three.

### m. Deposition Topic 12

The twelfth topic that Plaintiff requested a deposition witness for states, "NNA's "Nissan NEXT transformation plan' regarding its formation, implementation, documentation, and amendments or changes from its inception to the present." (ECF No. 25, PageID 192). Defendant argues that it should not be required to designate and prepare a Rule 30(b)(6) witness to testify concerning the Nissan NEXT transformation plan because the plan was publicly announced by Defendant's parent corporation rather than Defendant. (ECF No. 25, PageID 193). Plaintiff

argued that Defendant represented the Nissan NEXT plan as a basis for the discontinuation of the NV vehicles, so the topic is relevant to the claims and defenses in this case. (ECF No. 29).

Notably, Defendant does not argue that they are unable to produce a witness to speak to topic twelve, but rather they argued that topic twelve is irrelevant. However, Defendant fails to argue why the Nissan NEXT plan is not relevant to why certain vehicle models were discontinued. Thus, the Court **DENIES** the Defendant's motion for a protective order with respect to deposition topic twelve.

### IV. Conclusion

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion to compel discovery. The Court orders that Defendant must respond to interrogatories 4, 9, 10, and 11 as well as document requests 17 and 24 before the fact discovery deadline of September 30, 2022. The Court **DENIES** Defendant's cross-motion for a protective order. As the Court has rendered its decision on these motions, the Plaintiff's motion (ECF No. 31) to strike Defendant's reply in support of protective order (ECF No. 30) or, alternatively, request leave to file a sur-reply is denied as **MOOT**.

Plaintiff requested that Defendant be held liable for attorney fees and costs associated with filing its motion to compel. Federal Rule of Civil Procedure 37(a)(5)(C) states that if the motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." If Plaintiff still wishes to request attorney fees and costs from Defendant, Plaintiff must submit, no later than one week after the date of this order, a breakdown of the reasonable expenses requested if the parties are unable to come to an agreement as to what, if anything, is owed. Defendant shall have one week to respond to that request, if made.

**IT IS SO ORDERED**.

Dated: August 29, 2022

_____
**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**