**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MD AUTO GROUP, LLC, | ) CASE NO. 1:21-cv-1584 |
| Plaintiff, | ) JUDGE CHARLES E. FLEMING |
| v. | ) **ORDER RE: ATTORNEY FEES** |
| NISSAN NORTH AMERICA, INC., | ) |
| Defendant. | ) |

On August 29, 2022, the Court granted in part and denied in part Plaintiff's motion to compel discovery (ECF No. 24) and denied Defendant's cross motion for a protective order (ECF No. 26). (ECF No. 34). The Court granted the motion to compel for six of Plaintiff's eleven discovery requests. *Id*.

On September 5, 2022, Plaintiff notified the Court that the parties were unable to agree on what fees were owed, if any. (ECF No. 35). Plaintiff requested that the Court order Defendant to pay them attorney fees in the amount of $19.447.50. *Id*. On September 12, 2022, Defendant opposed Plaintiff's request, arguing that both parties prevailed on the motion to compel in nearly equal part, so neither party should receive its expenses. (ECF No. 36). Defendant also noted that federal district courts in Ohio have consistently denied requests for attorney fees where parties prevailed on a motion to compel in "approximate equal degree." *Id*.

On September 14, 2022, Plaintiff replied that the "approximate equal degree" language is not persuasive case law in the Northern District of Ohio because that standard has not been applied in the Northern District of Ohio before. (ECF No. 37). Plaintiff argued that if the Court chooses to apply that standard, then it prevailed on the majority of its claims and is entitled to an award of

1

its reasonable attorney fees. *Id*.

If a motion to compel "is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." F.R.C.P. 37(a)(5)(C). The Court has allowed both parties the opportunity to be heard concerning the potential apportionment of reasonable expenses. The discretionary nature of the awarding of fees, particularly in Rule 37(a)(5)(C), gives the Court significant latitude to determine whether an award of sanctions is warranted. The Southern District of Ohio has frequently determined that "[a]n award of sanctions under Rule 37(a)(5)(C) has been held to be inappropriate where the parties prevailed on a motion to compel 'in approximate equal degree.'" *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, No. 1:17-cv-399, 2019 WL 1760175, at *2 (S.D. Ohio April 22, 2019) (quoting *Wright v. State Farm Fire and Cas. Co.*, No. 2:12-cv-409, 2013 WL 1945094, at *6 (S.D. Ohio May 9, 2013)). While Plaintiff is correct that decisions from the Southern District of Ohio are not controlling authority, the Court finds the precedent to be persuasive in this instance due to the dearth of interpretation of Rule 37(a)(5)(C) within the Northern District of Ohio. The Court also finds that the "approximate equal degree" interpretation is consistent with the language in Rule 37(a)(5)(C) that the Court may "apportion" reasonable expenses.

There were an uneven number of discovery disputes (11) in Plaintiff's motion to compel, so it was impossible for the parties to each prevail on an equal number of the disputes. However, the Court finds that the parties prevailed in "approximate equal degree" and an award of sanctions is not appropriate under Rule 37(a)(5)(C). Reasonable expenses are apportioned to each party approximately equally, so no award is necessary. Thus, the Court **DENIES** Plaintiff's request for an award of attorney fees.

**IT IS SO ORDERED**.

Dated:  September 20, 2022

_____
**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**